THE STATE OF FLORIDA *ex rel.* W. H. ELLIS, ATTORNEY GENERAL, RELATOR, v. THE ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, RESPONDENT.

1. A railroad company acting as a common carrier is bound to serve all the members of the public alike who apply for service under like conditions.

2. Where a railroad company acting as a common carrier voluntarily engages in transporting and delivering between stations on its line of road, the poles, wires, &c., of one telegraph company, it may be compelled by mandamus to perform a similar service for another telegraph company; nor is the duty of the common carrier affected by reason of the service being performed under a contract.

This case was decided by the Court En Banc.

This is a case of original jurisdiction.

### STATEMENT.

This is an original proceeding in mandamus brought by the Attorney General under the provisions of Chapter 4700, acts of 1899, to enforce an order of the Railroad Commissioners and seeks practically the same relief which was sought in a previous proceeding by mandamus in this court, between the same parties, but under different conditions.

The alternative writ is as follows: "Whereas, by a petition caused to be filed in this court by the Railroad Commissioners of the State of Florida, in the name of the said State, upon the relation of W. H. Ellis, Attorney General of said State, it has been made to appear: That complaint was heretofore made to the Railroad Commissioners of the State of Florida by the Postal Telegraph-Cable Company, a body corporate under the laws of the State of New York, and engaged in a general telegraphic business throughout the United States, with lines of wire in the several States, and in the State of Florida, against the Atlantic Coast Line Railroad Company, a railroad corporation engaged in the business of a common carrier, and having and operating a railroad in the State of Florida, that the said Atlantic Coast Line Railroad Company was guilty of unjust discrimination in favor of the Western Union Telegraph Company by transporting and distributing for said Western Union Telegraph Company its men, wire, poles and other material for the erection, maintenance, operation, repair, construction and re-construction of its line of wire along its railroad, in said State, and refusing to perform like services for any and all other telegraph and telephone companies; that due notice was served by the Railroad Commissioners on the said Atlantic Coast Line Railroad

Company that there would be a meeting of the said Railroad Commissioners at their office in Tallahassee, at ten o'clock A. M., April 9th, A. D. 1906, at which they would be heard to show cause, if any they had, why such unjust discrimination should not cease, and they be required to transport and distribute for any and all telegraph and telephone companies, their men, wire, poles and other material over and along the line of their railroad within the State of Florida, and why a just and reasonable rate should not be prescribed for said Atlantic Coast Line Railroad Company to charge for such services; that the said railroad company did not appear by counsel or otherwise, in response to said notice, and failed to file any answer to said complaint; that the said Railroad Commissioners did thereupon find and determine that the said Atlantic Coast Line Railroad Company, in hauling and distributing between stations on and along its line of railroad in the State of Florida for the Western Union Telegraph Company its men, wire, poles and other material for the erection, maintenance, operation, repair, construction and re-construction of its line of wire, and in refusing to perform like services for any and all other telegraph and telephone companies, was guilty of an unjust discrimination in favor of the said Western Union Telegraph Company, and was in violation of Chapter 4700 of the laws of Florida; that it was thereupon ordered and adjudged by the Railroad Commissioners of the State of Florida that such unjust discrimination be discontinued, and that said Atlantic Coast Line Railroad Company be required to haul and distribute between its stations, on and along its line of railroad, in the State of Florida, for any and all telegraph and telephone companies, their men, wire, poles and other material for the erection, maintenance, operation, repair, construction

and reconstruction of their lines of wire, and that the said Atlantic Coast Line Railroad Company, for such services performed and rendered any telegraph or telephone company, may charge the current tariff rates from the point of shipment to the first regular station next beyond the last intermediate place where such material is to be unloaded, and the consignor shall furnish all labor necessary to effect such distribution, and shall pay full first class passenger fares for all men whom they send with such cars to effect such distribution, and for the extra service of stopping cars and engines between stations, the railroad company may charge and collect ten dollars per car per day in addition to the current rate, a copy of said order being attached to said petition, and a like copy being hereto annexed, marked 'Exhibit A:' That the Postal Telegraph-Cable Company, a body corporate under the laws of the State of New York, and engaged in a general telegraphic business throughout the United States, with lines of wire in the several States, and in the State of Florida, desiring to extend its telegraphic line from the City of Jacksonville, in the county of Duval, to the City of Lakeland, in the county of Polk in the State of Florida, and for that purpose to construct, maintain and operate a line of poles and wires along the right-of-way of the said Atlantic Coast Line Railroad Company from the said City of Jacksonville to the said City of Lakeland, and into and through the counties of Duval, Clay, Putnam, Volusia, Orange, Osceola and Polk, by regular proceedings in the Circuit Court for Duval county, Florida, under the statutes of said State in such cases made and provided, condemned and acquired a right-of-way and easement to so construct, operate and

maintain a line of poles and wires upon the right-of-way of the said Atlantic Coast Line Railroad Company through the counties aforesaid; that after the order of the Railroad Commissioners was made, as aforesaid, the said Postal Telegraph-Cable Company applied to the said Atlantic Coast Line Railroad Company to haul and distribute between its stations on and along its line of railroad, between the city of Jacksonville and the city of Lakeland, through the counties of Duval, Clay, Putnam, Volusia, Orange, Osceola and Polk, their men, poles, wire and other material for the erection, construction, maintenance and operation of their telegraph line between said cities of Jacksonville and Lakeland, and offered to pay for such services the current tariff rates of said railroad company from the point of shipment to the first regular station on its line next beyond the last intermediate place where such material is to be unloaded, and to furnish all labor necessary to effect such distribution, and to pay full first class passenger fares for all men sent with such cars to effect such distribution, and, in addition, ten dollars per car per day for the extra service of stopping cars and engines between stations, but the said Atlantic Coast Line Railroad Company refused to receive and haul and distribute between their stations, on and along their line of railroad, from Jacksonville to Lakeland, the men, poles, wire and other material of the Postal Telegraph-Cable Company under the said order of the Railroad Commissioners, aforesaid, and still refuses so to do, although demand has been made for such service, as aforesaid; that the said refusal of the said Atlantic Coast Line Railroad Company to comply with and carry out the said order of the Railroad Commissioners of the State of Florida was brought to the attention of the said Railroad Commissioners, and, thereupon, an or-

der was passed by the Railroad Commissioners requesting and directing the Attorney General of the State of Florida to institute such proceedings in the courts as may be necessary to enforce compliance by the Atlantic Coast Line Railroad Company with the order of the Railroad Commissioners, aforesaid, in behalf of the said Postal Telegraph-Cable Company.

And, Whereas, the State of Florida, by W. H. Ellis, the Attorney General of said State, prays that a writ of *mandamus* may issue from this court, directed to the said Atlantic Coast Line Railroad Company, a corporation, commanding it to obey the said order of the Railroad Commissioners of the State of Florida, in behalf of the said Postal Telegraph-Cable Company, by receiving and hauling and distributing between its stations, on and along its line of railroad, in the State of Florida, between the cities of Jacksonville and Lakeland, and in and through the counties of Duval, Clay, Putnam, Volusia, Orange, Osceola and Polk, the men, and poles, wire and other material, of the said Postal Telegraph-Cable Company, for the erection, maintenance, operation, repair, construction and reconstruction of its telegraph line between the said cities of Jacksonville and Lakeland, at and for not exceeding the current tariff rates, from the point of shipment to the first regular station next beyond the last intermediate place where such material is to be unloaded, and full first class passenger fares for all men sent by said Postal Telegraph-Cable Company with the cars to effect such distribution, and ten dollars per car per day in addition to the said current tariff rates.

Now, therefore, we, being willing that full and speedy justice should be done in the premises, do command you, the said Atlantic Coast Line Railroad Company, that

you forthwith comply with the said order of the Rail-road Commissioners of the State of Florida, in behalf of the said Postal Telegraph-Cable Company, by receiving. and hauling and distributing between the stations on and along the line of your railroad, in the State of Florida, between the cities of Jacksonville and Lakeland, and in and through the counties of Duval, Clay, Putnam, Volu-sia, Orange, Osceola and Polk, the men, and the poles, wires and other material of the said Postal Telegraph-Cable Company, for the erection, maintenance, operation, repair, construction and re-construction of its telegraph line between the said cities of Jacksonville and Lakeland, at and for not exceeding the current tariff rates from the point of shipment to the first regular station next be-yond the last intermediate place where such material is to be unloaded, and full first class passenger fares for all men sent by said Postal Telegraph-Cable Company with the cars to effect such distribution, and ten dollars per car per day in addition to the said current tariff rates, or that you show cause why you have not done so before our Supreme Court at the Capitol, in the City of Talla-hassee, at 10 o'clock, A. M., on the 8th day of May, A. D. 1906, and have you then and there this writ."

" 'EXHIBIT A.'

Order No. 94.     Railroad Commission, State of Florida.
   To the Atlantic Coast Line Railroad Company.
   Complainant having been made to the Railroad Com-missioners of the State of Florida that the Atlantic Coast Line Railroad Company is guilty of unjust discrimina-tion in favor of the Western Union Telegraph Company by transporting and distributing for said Western Union Telegraph Company its men, wire, poles and other mate-

rial for the erection, maintenance, operation, repair, construction and re-construction of its line of wire along said railroad in said State, and refuses to perform like services for any and all other telegraph and telephone companies, and due notice having been served on the Atlantic Coast Line Railroad Company that there would be a meeting of the Railroad Comissioners, at their office, in Tallahassee, at 10 o'clock A. M., April 9th, A. D. 1906, at which they would be heard to show cause, if any they had, why such unjust discrimination should not cease, and they be required to transport and distribute for any and all telegraph and telephone companies their men, wire, poles and other material over and along the line of their railroad within said State of Florida; and why a just and reasonable rate should not be prescribed for said Atlantic Coast Line Railroad Company to charge for such services; and the said railroad company not having appeared by counsel, or otherwise, in response to said notice, and having filed no answer to the said complaint; and the Commis sioners being fully advised, do find that the said Atlantic Coast Line Railroad Company, in hauling and distribut ing between stations on and along its line of railroad in the State of Florida for the Western Union Telegraph Company its men, wire, poles and other material for the erection, maintenance, operation, repair, construction and re-construction of its line of wire, and in refusing to perform like services for any and all other telegraph and telephone companies, is guilty of unjust discrimination in favor of said Western Union Telegraph Company, and is in violation of Chapter 4700 of the laws of Florida.

It is hereby ordered and adjudged by the Railroad Commissioners of the State of Florida that such unjust

discrimination be discontinued, and that said Atlantic Coast Line Railroad Company be and is hereby required to haul and distribute between its stations on and along its line of railroad, in the State of Florida, for any and all telegraph and telephone companies their men, poles, wire and other material for the erection, maintenance, operation, repair, construction and re-construction of their lines of wire.

It is further ordered and adjudged by the Railroad Commissioners of the State of Florida that the said Atlantic Coast Line Railroad Company, for such services performed and rendered for any telegraph or telephone company, may charge the current tariff rates from the point of shipment to the first regular station next beyond the last intermediate place where such material is to be unloaded, and the consignor shall furnish all labor necessary to effect such distribution, and shall pay full first class passenger fares for all men whom they send with such cars to effect such distribution, and for the extra service of stopping cars and engines between stations, as above indicated, the railroad company may charge and collect ten dollars per car per day in addition to the current rate.

> Done and ordered by the Railroad Commissioners of the State of Florida in session at their office in the City of Tallahassee, Florida, this the 10th day of April, A. D. 1906.

Attest:                    (Signed) JEFFN. B. BROWNE,
      (Signed) R. C. DUNN,                Chairman."
                    Secretary.

To this writ a demurrer has been interposed by the respondent and upon the issues thus raised has been argued and submitted. The following is the demurrer:

"Now comes the defendant, the Atlantic Coast Line Railroad Company, a corporation, and says that the alternative writ is bad in substance and insufficient in law to be answered.

The substantial matters of law to be argued are as follows:

1.   That the order made by the Railroad Commissioners of the State of Florida is without authority of law.

2.   That there is no authority of law for the Railroad Commissioners of the State of Florida to make a rate special and applicable to one railroad corporation and not applicable and enforcible as against all railroad corporations in the State; that they have only powers to make rates that shall be applicable and enforcible as to all railroad corporations.

3.   That under and by virtue of said order of the Railroad Commission set forth in said alternative writ, it is sought to compel this respondent, a railroad corporation, and no other railroad corporation in the State of Florida to transport and carry the articles therein named for a given price, and is, therefore, a discrimination against this respondent.

4.   That the Railroad Commissioners of the State of Florida have no power to make an order directing or compelling a carrier to distribute freight at points other than the stations on its line of road, and there is no authority under the Railroad Commission Act of the State of Florida for the Railroad Commissioners to make an order to compel a railroad company to deliver freight alongside of its road and at points between stations.

5.   There is no power under the Railroad Commission Act vested in the Commissioners authorizing them to compel respondent to give to the Postal Telegraph-Cable Company, either by contract or by way of rate made by

the Commissioners, the advantages or facilities it gives to the Western Union Telegraph Company by contract.

6.   That it appears by said alternative writ that no railroad company other than· this respondent was ever summoned to appear at any hearing before the Railroad Commissioners of the State of Florida, and that no railroad company other than the respondent was ever given an opportunity of being heard before the Railroad Commission as to the rate proposed to be made on the articles set forth in the alternative writ; and that by said alternative writ it appears that respondent solely and alone of all of  the railroad  corporations in the State  was singled out for the purpose of having a rate made over its line of road and no other, for the articles named in said alternative writ.

7.   That the powers of the Railroad Commission ex· tend only to making reasonable and uniform rates to govern all of the railroad corporations in the State, as to the same product or article to be moved, and it cannot, under its powers, make a rate to apply to one corporation only and not to other corporations, though that rate may apply to that corporation as to all telegraph and telephone companies, since it does not apply to any other · railroad company moving a like product."

*Fred T. Myers* and *Dan'l W. Rountree* for Relator.

*John E. Hartridge,* for Respondent.

HOCKER, J., (*after stating the facts.*)   We do not think it necessary to repeat what is contained in the opinion in the previous case decided at his term between the same parties as to the powers of the Railroad Commissioners to correct abuses and prevent unjust discrim-

inations by persons and corporations engaged as common carriers in transporting persons and property or perform-ing other services of a public nature. The demurrer ad-mits the allegations of the alternative writ, and those allegations in our opinion clearly show that the respon-dent has violated the general order of the Railroad Com-missioners requiring it to perform for any and all tele-graph and telephone companies a service, in effect, sim-ilar to that which it has performed as a common carrier for the Western Union Telegraph Company, by refusing the same service to the Postal Telegraph-Cable Company. For we think it is clear that a railroad company where it acts as a common carrier is bound to serve all the members of the public alike, who apply for service, under like conditions.

The contention that the general order of the Railroad Commissioners is unauthorized by law inasmuch as it applies only to the respondent, we think is unfounded. In the very nature of things such an order could not be made to apply to another railroad company which had not voluntarily performed for some patron, the service described in these proceedings, which is in some respects peculiar, in that it involves the delivery of poles, wires, &c., between stations. But the respondent having volun-tarily performed this service for the Western Union Tel-egraph Company may not deny it to another company ap-plying for similar service under like conditions. The order of the Railroad Commissioners is a general order, and we think fully authorized by the constitution and Chapter 4700, acts of 1899. Nor is this duty affected by the fact that the service was performed for the Western Union Telegraph Company under an agreement or con-tract. The rates prescribed in this general order for the services to be rendered are general in their nature, and

apply to all telegraph and telephone companies which seek to have the services performed and are not challenged on the ground of unreasonableness.    The order, therefore, is in conformity with the views of this court as expressed in the opinion heretofore rendered at this term between the same parties.    We refer to the authorities therein cited.

The demurrer is overruled and the respondent is required to answer the alternative writ within fourteen days from the filing of this opinion.

SHACKLEFORD, C. J., COCKRELL, WHITFIELD, TAYLOR and PARKHILL, JJ., concur.